IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAINSTAY BUSINESS SOLUTIONS,<br><br>          Plaintiff,<br><br>     vs.<br><br>INDUSTRIAL STAFFING SERVICES,<br>INC., dba FLEXIBLE STAFFING,<br>GERALD MODLINSKI, an Individual, and<br>DOES 1-10,<br><br>          Defendants.<br>_____/ | No. CIV S-10-3344 KJM GGH<br><br><br><br><br><br>ORDER |

On May 11, 2011, the court heard argument on defendants' motion to transfer venue to the Northern District of Illinois. Ryan Meyer, Green and Hall, appeared for defendants; Michael A. Peart appeared for Mainstay Business Solutions.

I. Background

In November 2010, plaintiff filed a complaint in Sacramento Superior Court, alleging causes of action for breach of contract and common counts. Defendants Industrial Staffing (Industrial) and Modlinski removed the action to this court based on diversity of the parties. ECF No. 1 at 2.

On February 8, 2011, plaintiff filed its first amended complaint (FAC). In that complaint, plaintiff describes itself as a division of the Blue Lake Rancheria Economic

1

1  Development Corporation, federally chartered under the Indian Reorganization Act.  Plaintiff

2  identifies defendant Industrial Staffing, dba Flexible Staffing, as an Illinois Corporation with its

3  principal place of business in Illinois and defendant Modlinski as a principal or director of

4  defendant Industrial Staffing.  ECF No. 7 ¶¶ 1-3.  Plaintiff alleges that it provides staffing

5  services to clients in California; that it sought to expand its staffing services by acquiring assets

6  of Flexible Staffing, which was defendant Industrial's California operation, and so engaged in

7  negotiations for the asset purchase from September 2009 through May 2010, with the purchase

8  completed on May 28, 2010.  *Id.* ¶¶ 11-13, 17.  Plaintiff alleges that defendants failed to disclose

9  certain liabilities during the negotiations and has refused to send certain payments from

10 Flexible's former clients.  *Id.* ¶¶ 15, 17-18, 24.  The complaint has six claims:  breach of

11 contract, money had and received, breach of the covenant of fair dealing, declaration of

12 constructive trust, constructive fraud and unjust enrichment.  *Id.* ¶¶ 29-54.

13         The contract for asset purchase includes the following provision:

14         This Agreement and the performance of the parties of their
           respective duties and obligations are subject to and governed by
15         the laws of California.  Any claim arising under this Agreement
           must be brought in a competent California State Court at Buyer's
16         discretion.  The laws of the Tribe shall be controlling and binding
           on the parties. . . .

17

18 ECF No. 7-1 at 16.

19 II.  <u>Analysis</u>

20         Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where it

21 might have been brought.  "Section 1404(a) provides for transfer to a more convenient forum,

22 not to a forum likely to prove equally convenient or inconvenient."  *Van Dusen v. Barrack*, 376

23 U.S. 612, 645-46 (1964).

24         A court considering a motion to transfer venue must determine whether venue is

25 proper in this district; whether plaintiff could have brought the action in the transferee district;

26 and whether the transfer will promote convenience and fairness.  *Stewart Organization, Inc. v.*

2

*Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Hoffman v. Bilaski*, 363 U.S. 335, 343-44 (1960); *Costco Wholesale Corp. v. Liberty Mutual Ins. Co*., 472 F. Supp.2d 1183, 1189-90 (S.D. Cal. 2007).  In determining whether a transfer will promote convenience and fairness, a court should consider the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  It is defendant's burden to show that transfer is appropriate.  *Decker Coal Co,* 805 F.2d at 843; *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1980); *Johnson v. Walmart Stores*, 2010 WL 2902386, at *2 (E.D. Cal. July 22, 2010).

Defendants have submitted the declaration of Gerald Modlinski, ECF No. 10-1, in support of the motion.  Plaintiff has not presented counter-affidavits with its opposition, though it does make a number of factual assertions in the body of its memorandum of points and authorities.  *See, e.g.,* ECF No. 12 at 4:20-21.  Defendants argue that the opposition does not comply with Rule 43(c) of the Federal Rules of Civil Procedure, which requires that motions and oppositions be supported by affidavits or equivalent evidence.  ECF No. 15 at 1-2.

Rule 43(c) provides in part that when "a motion relies on facts outside the record, the court may hear the matter on affidavits . . . ."  The rule allows the court to use affidavits to resolve questions of fact outside the record, at least when no party has asked for an evidentiary hearing on the issues.  *Bryant v. Rich*, 530 F.3d 1368, 1377 n.16 (11th Cir.), *cert. denied.*, 129 S.Ct. 733 (2008); *Ritza v. Int'l Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369

/////

(9th Cir. 1988) (applying Rule 43 to "non-enumerated" Rule 12(b) motions). To the extent plaintiff has made factual assertions not supported by affidavit, the court will disregard them.

Nevertheless, many of the claimed evidentiary lacunae are addressed in the FAC. For purposes of this motion, the court accepts as true the well-pleaded allegations of the complaint, unless they are contradicted by defendants' evidence. *Hill-Jackson v. FAF, Inc.*, 2010 WL 3403882, at *1 (N.D. Ill. Aug. 25, 2010); *Detheir v. Nat'l Liquidators*, 2010 WL 991573, at *1 (D. Conn. Mar. 18, 2010); *Maytag Corporation v. International Union,* 2009 WL 350649, at *6 (S.D. Iowa Feb. 11, 2009).[1] Accordingly, unless Modlinski's declaration contradicts the complaint, the court will consider the complaint and its attachments in resolving the instant motion and will construe the facts in the light most reasonable to plaintiff, the non-moving party.

1. Venue In the Transferee And Transferor Courts

Defendants say that "venue is plausibly proper" in this district based on liberal minimum contacts jurisprudence. However, because defendants removed the case to this district, venue is proper here whether or not they were "doing business" here under 28 U.S.C. § 1391(c). *Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 666 (1953).

Both the FAC and Modlinski identify Industrial Staffing as an Illinois corporation and Modlinski avers that he is a citizen of Illinois. FAC ¶¶ 2-3; ECF No. 10-1 ¶¶ 3, 5. Under 28 U.S.C. § 1391(a), venue in a diversity case is proper in a district "where any defendant resides, if

---

[1] The Ninth Circuit has said that the pleadings need not be accepted as true when a court rules on a motion to dismiss for improper venue under Rule 12(b)(3) and 28 U.S.C. § 1406, based on a forum selection clause. *Murphy v. Schneider Nat'l., Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004); *see also Leskinen v. Halsey*, 2011 WL 4056121, at *4 (E.D. Cal. Sep. 12, 2011) (12(b)(3) motion). Even assuming that cases interpreting Rule 12(b)(3) and §1406 apply in the context of a motion to transfer venue, those cases do not say this court must refuse to consider the allegations of the complaint as true, only that it need not do so when they are contradicted by other evidence. *See Grain Millers, Inc. v. Pacific Flexpak Co.*, 2008 WL 550124, at *2 (D. Or. Feb. 26, 2008) (28 U.S.C. §§ 1404 and 1406 apply "to distinctively different circumstances"); *but see Berol Corp. v. BIC Corp.*, 2002 WL 1466829, at *1 (N.D. Ill. July 8, 2002) (motion to transfer venue analogous to motion to dismiss for improper venue, at least for purposes of Rule 12(g)).

all defendants reside in the same States." For venue purposes, a corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction . . . ." *Id.* When the state has more than one judicial district, a corporation resides in "any judicial district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." *Id.*; *see Salu, Inc. v. Original Skin Store*, 2008 WL 3863434, at *8 (E.D. Cal. Aug. 13, 2008).

Illinois has three districts - Northern, Central and Southern - yet defendants have asserted only generally that they are citizens of and do business in Illinois, without pinpointing residence in or contacts with the Northern District or otherwise showing that the corporate defendant is subject to personal jurisdiction in the Northern District. Arguably they have not borne their burden of showing that venue is proper in that district. However, the FAC identifies Industrial's principal place of business as City of the Lake of the Hills, McHenry County, Illinois, and the United States Courts' locator identifies the Northern District as the appropriate district.

   2.  Relevant Agreement

Defendant does not discuss the contract, much less identify where it was negotiated and executed.[2] Because the contract was for the sale of Flexible Staffing's California assets, it is likely that some of the negotiation and possibly the execution was in this district. This factor does not support transfer.

   3.  Governing Law

Although neither party has addressed this factor, the choice of law provisions of the contract suggest that either California or tribal law will govern resolution of the dispute.

---

[2] Plaintiff describes the course of the negotiations in its Memorandum, but has presented no evidence on the question, as noted above. Defendants similarly have presented no evidence concerning the negotiations.

5

ECF No. 7-1 at 16.[3]  This court is arguably more familiar with substantive California law than the Northern District of Illinois.  If tribal law governs, "this court is as convenient as any. . . ." *Morgan v. Coushatta Tribe of Indians of Louisiana*, 214 F.R.D. 202, 207 (E.D. Tex. 2001).

Even if the case is transferred, the court must apply California choice-of-law rules; again this court is arguably more familiar with this body of law than its counterpart in the Northern District of Illinois.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 244 n.8 (1981).  Accordingly, this factor does not support transfer.

    4. Plaintiff's Choice Of Forum

Defendants "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843.  In addition, a forum-selection clause "will be a significant factor that figures centrally into the district court's calculus." *Stewart Organization, Inc.*, 487 U.S. at 31.

Plaintiff filed this action in Sacramento County Superior Court, but disavows any desire to seek a remand.  As plaintiff is not litigating in its initial forum of choice, the court will not assign any weight to its initial choice of forum.  However, the forum selection clause of the asset purchase agreement provides that any action should be brought "in a competent California State Court."  ECF No. 7-1 at 16.  This language appears to include this court.  *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1207 (9th Cir. 2011) (forum selection clause specifying case may be brought in the court in King County included federal court sitting in that county).  Accordingly, the forum selection clause counsels against transfer.

    5. Contacts With The Forum

Plaintiff maintains a presence in this district, through its offices in Sacramento.  *See* ECF No. 7-1 at 15.  Modlinski avers that neither he nor Industrial have any contacts with this

/////

---

[3] Defendants do not argue that Illinois law would apply.

6

district and it appears that Flexible Staffing is located in Southern California. *Id.* at 7-1l; ECF No. 10-1 ¶¶ 2-3. This factor is neutral.

### 6. Cause Of Action Contacts With The Forum

Defendants have not addressed the relationship between the causes of action and this district. However, for venue purposes, a claim based on breach of contract arises in the place of intended performance. *Decker Coal Co.*, 805 F.2d at 842. It appears from the FAC that the place of performance of the contract - the transfer of assets - was in Southern California, at Flexible's offices. FAC ¶ 12 & ECF No. 7-1 at 4, 19 (transfer of leasehold in Southern California). This factor does not favor transfer.

### 7. Differences In Costs

Although Modlinski avers that litigating in California would be burdensome, he has provided no comparison of the costs of litigating in the two fora. ECF No. 10-1 ¶ 5 ("requiring me to travel to California would be . . . unduly burdensome"). In light of the fact that defendants have local counsel and have presented nothing from which this court may determine the comparative costs of litigating in the two locations, that this factor does not favor transfer.

### 8. Process To Obtain Witness Presence

Modlinski avers that "it would be unduly burdensome" for any employee or agent of Industrial to testify in California and that "many non-party witnesses likely to be called by Mainstay are located in Illinois." EFC No. 10-1 ¶¶ 4, 6. However, Industrial can compel the testimony of its employees at trial. *Costco Wholesale*, 472 F. Supp. 2d at 1193. Because defendant has not identified other witnesses from Illinois who might be necessary, this factor does not favor transfer. *Id.* ("In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location and explain their testimony and its relevance").

### 9. Access To The Sources Of Proof

Modlinski does not identify the nature or the dimension of the documents he claims are in Illinois, but says only that "the bulk of relevant document evidence is in Illinois."

ECF No. 10-1 ¶ 6. Defendants have not demonstrated it will be difficult to transport the documents to this court. *Id*. at 1195. This factor does not favor transfer.

Based on a consideration of the relevant factors, the court finds that defendants have not borne their burden of demonstrating that the Northern District of Illinois is a more convenient forum. Defendants have provided only generalities about the burdens of litigating in this district, insufficient to overcome the forum selection clause of the parties' contract.

IT IS THEREFORE ORDERED that defendants' motion to change venue (ECF No. 10) is denied.

DATED: January 6, 2012.

_____
UNITED STATES DISTRICT JUDGE